McGhee Tony Duclos
(Name)
P.O. Box 409020
(Address)
Ione, CA 95640
(City, State, Zip)
F55976
(CDCR / Booking / BOP No.)

**FILED**
May 26 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ shellyy  DEPUTY

# United States District Court
## Southern District of California

McGhee Tony Duclos,
(Enter full name of plaintiff in this action.)

                           Plaintiff,

v.
Nurse Anelle,
RN. Williams Jacka,
(C.O.) R. La,
(C.O.) R. Garcia,
(C.O.) L. Nhan,
(Enter full name of each defendant in this action.)

                           Defendant(s).

Civil Case No. **'22CV0771 JLS AHG**
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, McGhee Tony Duclos (print Plaintiff's name), who presently resides at Mule Creek State Prison, P.O. Box 409020, Ione, CA 95640 (mailing address or place of confinement), were violated by the actions of the below named individuals. The actions were directed against Plaintiff at Richard J. Donovan Corr. Facility (institution/place where violation occurred) on (dates) 11/11/21 (Count 1), 11/13/21 (Count 2), and 11/20/21 (Count 3).

§ 1983 SD Form
(Rev. 8/15)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant **R. La** (name) resides in **San Diego** (County of residence), and is employed as a **Correctional Officer** (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: R. La is/was working as a Correctional Officer for the California Department of Corrections and Rehabilitation at the time of the incident.

Defendant **R. Garcia** (name) resides in **San Diego** (County of residence), and is employed as a **Correctional Officer** (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: R. Garcia is/was working as a Correctional Officer for the California Department of Corrections and Rehabilitation at the time of the incident.

Defendant **L. Nhan** (name) resides in **San Diego** (County of residence), and is employed as a **Correctional Officer** (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: L. Nhan is/was working as a Correctional Officer for the California Department of Corrections and Rehabilitation at the time of the incident.

Defendant **Jacha, Williams** (name) resides in **San Diego** (County of residence), and is employed as a **Registered Nurse** (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: RN Jacha is/was working as a Registered Nurse for the California Department of Corrections and Rehabilitation at the time of the incident.

Defendant **Nurse Anelle** resides in **San Diego**, and is employed as a **Registered Nurse**. This defendant is sued in her Individual capacity. Explain how this defendant was acting under color of law: Nurse Anelle is/was working as a Nurse for the California Department of Corrections at the time of the incident.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: __Failure to Protect__
(E.g., right to medical care, access to courts,
__deliberate Indifference__.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On November 11, 2021 around 7am to 8am while conducting my work duties at the culinary on A-yard (Richard J. Donovan Corr. facility). I started to have suicidal thoughts and upon completion of my job description, I told my supervisor (C.O. R. La) that I was done with my work, I cleaned up my area and that I am now going to the back to do and choke myself. Correctional Officer La then mentioned that "she's going to write me up for talking that freaky shit." Noticing that she was not taking me serious I then went to the closet in the back of the culinary and hung myself (attempted suicide).

Correctional Officer R. La should have recognized the signs and the symptoms associated with suicide risk. Correctional Officer La could have intervened and prevented me from hanging myself if only she would have followed through with her suicide prevention and response training, especially knowing that I told her straight out my plans to commit suicide at that moment.

Count 2: The following civil right has been violated: __failure to protect__
(E.g., right to medical care, access to courts,
__Deliberate indifference__
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Upon Return to the prison (RJD) from the hospital (UC San Diego Health) I was admitted to suicide watch at the Out-patient Housing Unit (OHU) in Building 15 on C-yard in the late hours of November 12, 2021.

When I woke up on November 13th 2021 for breakfast, while laying on the bed, I noticed a line around the light fixture on the ceiling in the cell that I was in (#149). I grabbed the line and told the Nurse (Jane Doe) that was assigned to watch me at the door that I don't want to be here anymore and that im going to hang myself again which I did by tying the line on the top bunk and rolling off. (attempted suicide)

The Correctional Officers or a medical staff should have properly searched the room that I was being placed in at the Out-patient Housing unit (OHU) clearing out any and everything that an actively suicidal patient would or could use to self-harm before placing me in for Continual Observation (suicide watch).

Count 3: The following civil right has been violated: __Failure to Protect__ Deliberate indifference
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

On the late hours of November 13, 2021 I was transferred to Lancaster State Prison in Los Angeles County to be admitted in their Crisis Bed on Suicide Watch. I was discharged on the 16th of November 2021 and transferred back to Richard J. Donovan Corr. Facility on November 19th 2021.

Around or between the time of 5pm to 7pm of November 19, 2021 Dr. Sato felt the need to Re-admitt me back into the Crisis Bed on Suicide Watch stating that there was a note in his files which indicated that I have no intentions of making it to my birthday which was in 7 days (November 26). So I was highly upset about that.

On November 20th 2021 around 12:45 am in (SNF) Cell #139 at Richard J. Donovan Corr. Facility while on Suicide Watch I was waken up by the Nurses in order to get my blood pressure taken, upset that I was waken up I started tossing things around. I then noticed a long string under the Mattress, I showed the string to the Nurse assigned to watch me at the door and I told Nurse Anelle that im going to hang Myself with it. Nurse Anelle alerted the other Nurses and told them that I had a long string. As the Nurses were talking among themselves trying to figure out how the string got into my Room, I then tied the string around my Neck and started to choke myself. When I regained consciousness I started to choke myself with the string again. I could hear the Nurses and the two Correctional Officers (R. Garcia and L. Nhan) hitting the glass window and the door trying to talk me into giving them the string that was around my Neck. I got up to tie the string to a

§ 1983 SD Form
(Rev. 8/15)

5

1. Metal box on the ceiling. My smock fell down leaving me completely
2. Naked, I heard laughter behind me. I fell down and Nurse Anelle
3. and Nurse (John Doe) was laughing at me due to the fact that
4. my penis was exposed. Nurse Anelle told me that I need to cover
5. up or that she'll write me up for indecent exposure. When
6. I regained consciousness I noticed that I had urinated
7. on myself. I stumbled back to the bed. At this moment I
8. over heard Nurse Anelle and another female Nurse say that
9. "the only way we're going to activate our alarm is if he is not
10. moving or if we notice that he is not breathing because our
11. jobs are on the line". C/O Garcia went to summon a supervisor
12. to the situation. A Sgt. Wilbon approached the cell and noti-
13. ced the string around my neck and inquired what's going on
14. in here? I told him that I had been in the cell for sometime
15. in and out of consciousness choking myself. Sgt. Wilbon
16. admonished the Nurses that this was not good. After advising
17. Sgt. Wilbon of the entire situation. We resolved the matter
18. by me allowing him to enter to remove the string from
19. around my neck. Sgt. Wilbon instructed Nurse Anelle and
20. the two Correctional Officers (C/O R. Garcia and C/O L. Nhan) that they
21. should have activated their alarms at the moment they became
22. aware that a inmate who is on suicide watch has a string
23. in his possession and is using it to choke himself. Sgt. Wilbon
24. also took note that the water was shut off in my cell and
25. inquired why? at which time C/O Garcia told Sgt. Wilbon it was
26. turned off because they thought I would flood the tier.
27. Then everyone left not providing me with no Medical Attention.

1  every employee, regardless of his or her assignment
2  is responsible for the safe custody of the inmates con-
3  fined in the institution of the department. The nurses and
4  the two correctional officers (C/O R. Garcia, C/O L. Nhan, and
5  Nurse Anelle) was irresponsible. They allowed me to hurt
6  myself (self-harm). I was displaying suicide ideation
7  behavior for over an hour by choking myself with a long
8  string. Nurse Anelle and her supervisor RN Williams Jacka
9  was unethical and their conduct that day could have led
10 to my death. C/O R. Garcia and C/O L. Nhan was unethical as
11 well. Their actions was deliberate and indifferent to
12 my well-being. I'm seeking $100,000 for each of the
13 defendant's

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] _____

(d) Issues raised: _____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.]? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

My 602 Appeal reached third & final level (Headquarters Level Response) No intervention. The Headquarter level stated that my allegation is refuted by professional Health Care staff that's familiar with my health care history. All three levels of the administrative believe that my allegation did not constitute staff misconduct or deliberate indifference. Administrative Remedies was exhausted on March 25, 2022.

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): _____

_____

_____

_____.

2. Damages in the sum of $ 500,000 .
3. Punitive damages in the sum of $ 500,000 .
4. Other: _____

_____.

### F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

5/14/2022
Date

_____
Signature of Plaintiff

§ 1983 SD Form
(Rev. 8/15)

9

