## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGHEE TONY DUCLOS,<br><br>Plaintiff,<br><br>v.<br><br>R. LA, et al.,<br><br>Defendants. | Case No.: 3:22-cv-00771-JLS-AHG<br><br>**ORDER GRANTING IN PART DEFENDANTS' EX PARTE MOTION TO EXCUSE THE APPEARANCES OF CERTAIN INDIVIDUALS FROM THE EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>**[ECF No. 17]** |

Before the Court is Defendants' *ex parte* motion to excuse the appearances of certain individuals from the upcoming December 7, 2022, Early Neutral Evaluation Conference ('ENE"). ECF No. 17. Defendants request that the Court (1) excuse the named defendants from attending the ENE, and (2) excuse Senior Assistant Attorney General Monica Anderson, the party representative with full settlement authority, from attending the ENE. *Id.*

As to Defendants' first request, to excuse the named correctional officer defendants and named nurse defendants from attending the ENE, the Court finds good cause to grant the request. However, as to Defendants' second request, to excuse Ms. Anderson's attendance, the Court does not find good cause.

The Court explained its requirements regarding settlement authority in its Order setting the ENE:

> Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. [] The person needs to have 'unfettered discretion and authority' to change the settlement position of a party. [] <u>One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference</u>. [] Limited or sum certain authority is not adequate. [] <u>A person who needs to call another person who is not present before agreeing to any settlement does not have full authority</u>.

ECF No. 10 at 2 (citations omitted) (emphasis added). Though defense counsel represents that she has "full authority to settle this action on behalf of Defendants," counsel concedes that Ms. Anderson's "consultation and authority[] [may be] needed[.]" ECF No. 17-1 at 2. This is insufficient. Further, though Defendants detail why each of the named correctional officers and nurses cannot or should not attend the ENE, Defendants do not provide any explanation as to why Ms. Anderson cannot or should not attend the ENE. *See generally* ECF Nos. 17, 17-1. Therefore, the Court does not find good cause to excuse Ms. Anderson's attendance from the ENE.

In Defendants' motion, counsel requests that "Supervising Deputy Attorney General Christopher Findley attend in place of Ms. Anderson." ECF No. 17 at 3. Counsel represents that Mr. Findley "will attend the ENE with full authority to resolve the action on behalf of Defendants" and is "prepared to attend in place of Ms. Anderson." ECF No. 17 at 3; ECF No. 17-1 at 2. **If Mr. Findley attends the ENE, the Court will excuse the appearance of Ms. Anderson. If Mr. Findley does not attend the ENE, the Court will require the attendance of Ms. Anderson**. Therefore, by **November 30, 2022**, Defendants shall email (not file) (to efile_goddard@casd.uscourts.gov) an updated participant information list, in accordance with this Order.

**IT IS SO ORDERED.**

Dated: November 28, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge