UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGHEE TONY DUCLOS,<br><br>                 Plaintiff,<br><br>v.<br><br>R. LA, et al.,<br><br>                 Defendants. | Case No.: 3:22-cv-00771-JLS-AHG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [ECF No. 13],**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL [ECF No. 14],**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS [ECF No. 15], and**<br><br>**(4) DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING ARRANGEMENTS AT EARLY NEUTRAL EVALUATION CONFERENCE [ECF No. 16]** |

Before the Court are four motions:

1. Plaintiff McGhee Tony Duclos's ("Plaintiff") Motion for Leave to File Amended Complaint (ECF No. 13);
2. Plaintiff's Motion for Appointment of Counsel (ECF No. 14);
3. Plaintiff's Motion for Production of Documents (ECF No. 15); and
4. Plaintiff's Motion for Order Directing Arrangements at Early Neutral Evaluation Conference (ECF No. 16).

The Court will address each in turn.

## I. PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff seeks to amend his complaint to add Warden Madden as the sixth defendant in this matter. ECF No. 13. For the reasons set forth below, Plaintiff's motion is denied without prejudice.

### A. Background

Plaintiff, proceeding *pro se*, filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while he was incarcerated at Richard J. Donovan Correctional Facility in San Diego, California. ECF Nos. 1, 3. He alleges Eighth Amendment violations against five defendants regarding their deliberate indifference to his serious medical needs when he attempted to commit suicide. ECF No. 1; *see* ECF No. 3 at 5–8. On October 11, 2022, four of the five named defendants answered Plaintiff's complaint. ECF No. 9. On October 18, 2022, the last defendant answered Plaintiff's complaint. ECF No. 11. On October 31, 2022, Plaintiff submitted his motion to amend his complaint to the correctional officers for mailing. ECF No. 13 at 2. On November 4, 2022, Plaintiff's motion was received by the Clerk's Office and filed. *Id*. at 3.

In his motion to amend his complaint, Plaintiff seeks to add Warden Madden as a defendant, but Plaintiff did not include a proposed amended complaint with his motion. *See* ECF No. 13. Instead, Plaintiff briefly explains that because Warden Madden is "the chief executive officer of the institution and is responsible for the custody, treatment,

training, and discipline of all inmates under his charge[,] [] some of the copies of the staff training policies and procedures will require the warden…'s approval[.]" *Id.* at 1.

### B. Threshold Issue of Authority

Before turning to the substance of the instant motion, the Court first evaluates its authority to resolve the matter. *See Gonzalez v. Diamond Resorts Int'l Mktg.*, No. 2:18-cv-00979-APG-NJK, 2020 WL 4925702, at *2–3 (D. Nev. Aug. 21, 2020) (assessing authority to address a motion to amend before ultimately denying the motion). A magistrate judge has the authority to "hear and determine" nondispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). Section 636, and this district's corresponding Civil Local Rule 72.1, specifically enumerate eight different types of matters to be treated as dispositive. *See* 28 U.S.C. § 636(b)(1)(A) (list does not include motions to amend); *see also* CivLR 72.1(b)–(c) (same). When a matter falls outside of those expressly enumerated matters, as is the case here, courts look to the effect of the issued ruling to determine whether the underlying matter should be considered dispositive or nondispositive. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) ("we must look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive") (internal quotation marks omitted).

"Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge[.]" *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012); *see also Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (identifying a motion for leave to amend the complaint as a nondispositive matter within a magistrate judge's authority to resolve). It is particularly well-established that a magistrate judge is empowered to grant leave to amend. *See Bastidas v. Chappell*, 791 F.3d 1155, 1163–64 (9th Cir. 2015). On the other hand, denial of a motion for leave to amend can be considered dispositive in some circumstances. *Id.* ("It should be no surprise that the magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a

different question entirely. Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,' [] so the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome") (internal citation omitted); *JICO, Inc. v. Isuzu Motors Am., Inc.*, No. 08-cv-419-SOM-LEK, 2009 WL 3818247, at *3 (D. Haw. Nov. 12, 2009) (collecting cases where courts considered a magistrate judge's denial of leave to amend "dispositive when premised on futility," finding no Ninth Circuit case that considered all denials of leave to amend dispositive, and, therefore, deeming the magistrate judge's denial of leave to add additional defendants as nondispositive).

Here, as discussed below, the denial of Plaintiff's instant motion to amend is not "a denial of the ultimate relief sought[.]" *See CMKM Diamonds*, 729 F.3d at 1260 ("where the denial of a motion [] is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter"). Denying leave to amend so that Plaintiff can add the warden as a defendant, whom he mistakenly believes is a necessary party only to the extent he seeks records maintained by the warden via discovery, will not effectively deny the ultimate relief sought, as those records may be discoverable regardless of whether the warden is named as a defendant. Additionally, the undersigned's decision here is without prejudice, so Plaintiff's ability to add the warden as a defendant has not been foreclosed. *See cf. McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("A magistrate [judge] can, for example, dismiss a complaint with leave to amend without approval by the [district] court").

The Court therefore finds that because the nature of this motion in these circumstances is not dispositive, the Court will proceed with an order, rather than issuing a report and recommendation. *See Gonzalez*, 2020 WL 4925702, at *3 ("Given the Court's

//
//
//
//

evaluation of the issue and the ease to obtain review[1] of that evaluation in this case, the Court declines to issue a report and recommendation [on Plaintiff's motion to amend] as a means to err on the side of caution"); *accord Hall v. Norfolk*, 469 F.3d 590 (7th Cir 2006) ("The magistrate judge's denial of Hall's motion to amend his complaint did not terminate his existing lawsuit against Norfolk Southern, it merely prevented him from adding Conrail as a defendant. The district judge correctly held that the magistrate judge's denial of Hall's motion to amend his complaint was nondispositive").

### C. Amendment as a Matter of Right

Federal Rule of Civil Procedure 15 allows a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" FED. R. CIV. P. 15(a)(1). Here, though Plaintiff filed his <u>motion</u> within 21 days[2] of Defendants' answers, Plaintiff did not file an <u>amended complaint</u> (either on its own or as an attachment to the motion) by the deadline. Alone, Plaintiff's motion cannot stand as the amended complaint, as the amended complaint must be complete in itself and the present motion provides no factual allegations that the Court could construe as an amended complaint.

---

[1] A party may file objections to a magistrate judge's order within 14 days of being served with a copy of that order, and the district judge will consider those objections. FED. R. CIV. P. 72(a); *see Bastidas*, 791 F.3d at 1162 (as part of waiver analysis, encouraging magistrate judges to warn litigants of the ability to object to a determination that a matter is nondispositive).

[2] Twenty-one days after the first four defendants filed their answers is November 1, 2022, and 21 days after the last defendant filed her answer is November 8, 2022. Though Plaintiff's motion to amend was filed by the Clerk's Office on November 4, 2022, it is considered filed on October 31, 2022, the date he submitted it to the correctional officers for mailing, pursuant to the mailbox rule. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that *pro se* prisoner's notice of appeal of the dismissal of his § 2254 habeas corpus petition was "filed at the time [he] delivered it to the prison authorities for forwarding to the court clerk"); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding "that the *Houston* mailbox rule applies to § 1983 suits filed by *pro se* prisoners").

CivLR 15.1(a) ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading"); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260, 1262 (9th Cir. 1992) (upholding magistrate judge's striking of a *pro se* prisoner's amended complaint, explaining that it is a "well-established doctrine that an amended pleading supersedes the original pleading. [] Because after amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent[.]'") (internal citations omitted); *Slyke v. Snohomish Cnty. Sheriff's Off. Corr. Bureau*, No. 2:22-cv-1531-JLR-TLF, 2022 U.S. Dist. LEXIS 215850, at *5–6 (W.D. Wash. Nov. 30, 2022) ("plaintiff may not file piecemeal documents comprising his complaint. Instead, he must follow the Federal Rules of Civil Procedure and submit an amended complaint containing all of his claims against all of the parties that he seeks to bring in this action"); *see also* CivLR 15.1(b) ("Any motion to amend a pleading must be accompanied by: [] a copy of the proposed amended pleading").

Further, Plaintiff's decision to file a motion to amend is inconsistent with his amending as a matter of course under Federal Rule of Civil Procedure 15, so the Court does not consider the request to amend to be one made as a matter of course. *See Salcido v. Att'y Gen. of Ariz.*, No. 21-cv-8256-PCT-JAT, 2022 WL 1013803, at *3 (D. Ariz. Apr. 5, 2022) ("[T]he Court will rule on the motion to amend as filed [instead of considering it the 'as a matter of course' amendment]"); *accord Coventry First, LLC v. McCarty*, 605 F.3d 865, 869–70 (11th Cir. 2010) (By filing a motion to amend, the plaintiff "invited the District Court to review its proposed amendments"); *but see Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding, under a prior version of Rule 15, that the court should grant a motion to amend as unnecessary when the as-a-matter-of-course amendment is still available).

### D. Request for Leave to Amend

Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). This

policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). However, "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

District courts have "broad discretion in supervising the pretrial phase of litigation." *Gonzalez*, 2020 WL 4925702, at *3 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). Although there is a liberal policy in favor of allowing amendment, such relief is not granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Indeed, district courts possess broad discretion to deny leave to amend the pleadings. *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

Here, without attaching a proposed amended complaint, Plaintiff briefly explains that he seeks to add Warden Madden as a defendant because "some of the copies of the staff training policies and procedures will require the warden…'s approval[.]" ECF No. 13 at 1. Plaintiff does not state any specific allegations regarding the warden's conduct or involvement in causing his alleged injuries. *Id.* Because Plaintiff did not attach a proposed amended complaint to his motion, the Court is unable to consider[3] screening the proposed amended complaint and Defendants are unable to evaluate whether to file an opposition to the motion. *See Nassiri v. Colvin*, No. 15-cv-583-WQH-NLS, 2015 WL 5098470, at *14

---

[3] *See Caballero v. Aranas*, No. 3:19cv79-MMD-CLB, 2020 WL 3546853, at *2 (D. Nev. June 29, 2020) (explaining that courts are not required to screen proposed amended complaints under the PLRA, noting that "[t]he decision to engage in post-answer court screening is made on a case-by-case basis.").

(S.D. Cal. Aug. 31, 2015). Further, Plaintiff's request seems to relate more to discovery than amending his complaint. If Plaintiff's motive for seeking to amend his complaint was because he thought it was the only way to obtain certain documents in discovery, the Court notes that the training policies and procedures Plaintiff seeks may be discoverable regardless of whether Warden Madden is named as a defendant. *See cf. Tafilele v. Harrington*, No. 1:10-cv-01493-LJO-GBC-PC, 2012 WL 1833522, at *1 (E.D. Cal. May 18, 2012). As such, the Court **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 13) **without prejudice**.[4]

Court reminds plaintiff that if he renews his motion for leave to amend, he must include a copy of his amended complaint that is complete in itself, explaining what allegations he is claiming against Warden Madden and all other defendants. *See* CivLR 15.1(a) (amended complaint "must be complete in itself without reference to the superseded pleading"); *Slyke*, 2022 U.S. Dist. LEXIS 215850, at *6 (explaining that, "[i]f plaintiff wishes to add new individual defendants, he must allege facts sufficient to demonstrate how each defendant personally participated in a violation of plaintiff's rights" and reminding plaintiff that any amended complaint must "contain[] all of his claims against all of the parties that he seeks to bring in this action").

## II.  PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, and currently incarcerated at Mule Creek State Prison, filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while incarcerated at Richard J. Donovan Correctional Facility. ECF Nos. 1, 3. On November 4, 2022, Plaintiff filed the instant Motion for Appointment of Counsel. ECF No. 14.

//

---

[4] Because Plaintiff's motion is denied without prejudice to refiling, Plaintiff may seek to amend his complaint again in the future.

### A. Legal Standard

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show that it is "well-established that there is generally no constitutional right to counsel in civil cases"). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see, e.g.*, *Thornton v. Schwarzenegger*, No. 10cv1583-BTM-RBB, 2011 WL 90320, at *1 (S.D. Cal. Jan. 11, 2011).

Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

//

**B.     Discussion**

First, the Court examines the threshold requirements that Plaintiff is indigent and has made a reasonably diligent effort to secure counsel. Here, the Court acknowledged Plaintiff's indigence when it granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 3 at 2–3. Additionally, Plaintiff has made diligent efforts to secure counsel. He contacted five attorneys via letter, all of whom declined representation. ECF No. 14 at 2–4. The Court must therefore determine whether Plaintiff can show exceptional circumstances justifying court-appointed counsel by examining the likelihood of Plaintiff succeeding on the merits and his ability to proceed without counsel. *Wilborn*, 789 F.2d at 1331; *Bailey*, 835 F. Supp. at 552.

### 1.     *Likelihood of Success on the Merits*

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in his motion suggesting that he is likely to succeed on the merits. Additionally, there is little before the Court regarding the merits of Plaintiff's case, other than assertions in the operative complaint.[5] Thus, at this early stage of the case,[6] when the parties have not yet engaged in discovery and proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the

---

[5] That all claims in Plaintiff's complaint survived the Court's screening process (ECF No. 3) does not demonstrate that Plaintiff is likely to succeed at trial. *McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *6–7 (S.D. Cal. Apr. 17, 2017) (stating that the Court's screening process under § 1915 "tests not whether a plaintiff will ultimately prevail on his alleged claim but whether he is entitled to offer evidence to support his claim. [] Thus, the Court's screening process … did not test the merits of Plaintiff's claim but rather only whether Plaintiff adequately stated a claim that could potentially have merit.") (internal citation omitted).

[6] The Early Neutral Evaluation Conference and Case Management Conference in this case are scheduled for December 7, 2022, (ECF No. 10), after which the Court will issue its Scheduling Order regulating discovery and other pre-trial proceedings.

merits. *See Bailey*, 835 F. Supp. at 552 (denying motion for appointment of counsel when plaintiff requested counsel two months after filing complaint, because plaintiff did not offer any evidence in the motion, and because it was too early to determine whether any of plaintiff's claims would succeed on the merits); *see, e.g.*, *Arellano v. Hodge*, No. 14cv590-JLS-JLB, 2017 WL 1711086, at *4 (S.D. Cal. May 3, 2017) (denying motion for appointment of counsel when discovery had recently begun, because it was too early to determine whether any of plaintiff's claims would succeed on the merits).

### 2. *Ability to Articulate Claims Pro Se*

As to the second factor, Plaintiff cites barriers to successfully articulating his claims, including: limited access to the law library, limited knowledge of the law, complex issues requiring significant research and investigation, the potential for conflicting testimony, inability to present evidence and cross-examine witnesses at trial, and his present imprisonment. ECF No. 14 at 1–2. However, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by incarcerated plaintiffs representing themselves *pro se*.

First, limited access to the law library and unfamiliarity with the law are circumstances common to most incarcerated plaintiffs and do not establish exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Fletcher v. Quin*, No. 15cv2156-GPC-NLS, 2018 WL 840174, at * 3 (S.D. Cal. Feb. 13, 2018) (same); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Plaintiff's contention that his placement in administrative segregation further limits his access to the law library does not change the outcome. *Barron v. Alcaraz*, No. 2:11cv2678-JAM-AC-P, 2015 U.S. Dist. LEXIS 97809, at *2 (E.D. Cal. July 27, 2015) ("the court does not find the required exceptional circumstances at the present time. Most

of plaintiff's reasons for requesting appointment of counsel reflect circumstances common to most prisoners, particularly those housed in administrative segregation."). Thus, Plaintiff has not shown he faces barriers conducting legal research beyond those ordinarily experienced by *pro se* plaintiffs.

Additionally, Plaintiff raises the issue that the law library is rarely open as a result of the COVID-19 pandemic. ECF No. 14 at 1. However, courts in this circuit have declined to find that the COVID-19 pandemic establishes exceptional circumstances. *Diaz v. Madden*, No. 20cv2147-GPC-BGS, 2021 U.S. Dist. LEXIS 32599, at *5–7 (S.D. Cal. Feb. 22, 2021) (collecting cases and concluding that "minimal-to-no access to the law library [due to the COVID-19 pandemic] does not establish exceptional circumstances"); *see, e.g.*, *Pitts v. Washington*, No. C18-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic.").

Second, the need for research and investigation is common to most litigation and does not automatically qualify the issues in a case as complex. *See Wilborn*, 789 F.2d at 1331; *McGinnis*, 2017 U.S. Dist. LEXIS 58507, at *7–8 (same); *Miller v. LaMontagne*, No. 10cv702-WQH-BGS, 2012 WL 1666735, at *1–2 (S.D. Cal. May 11, 2012) (concluding that plaintiff's arguments "that this case will involve research and investigation are not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*"); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that while a *pro se* inmate might fare better with counsel during discovery, this is not the test for determining whether to appoint counsel).

Third, though Plaintiff contends he should be appointed counsel because he is ill-suited to handle issues of conflicting testimony on his own, these concerns also do not present exceptional circumstances. *See, e.g.*, *Eusse v. Vitela*, No. 3:13-cv-00916-BEN-NLS, 2015 WL 4404865, at *2 (S.D. Cal. July 16, 2015); *Miller*, 2012 WL 1666735, at *2.

Similarly, Plaintiff's assertions regarding difficulty presenting evidence and cross-examining witnesses at trial do not present exceptional circumstances warranting appointment of counsel at this time, as this case is in its initial phase and has not yet survived summary judgment. *See Miller*, 2012 WL 1666735, at *2; *see, e.g.*, *Fletcher*, 2018 WL 840174, at * 2 (denying appointment of counsel where the motion was filed one month after defendants answered the amended complaint, and where plaintiff contended an attorney would help him present evidence and cross-examine witnesses at trial).

Fourth, Plaintiff's present imprisonment does not, without more, present an exceptional circumstance. *See, e.g.*, *Weathers v. Loumakis*, No. 2:15cv27-JAD-PAL, 2016 WL 6246762, at *3 (D. Nev. Oct. 24, 2016) (denying appointment of counsel when plaintiff argued that "his incarceration greatly impedes his ability to litigate his claim. This is particularly so because he is housed in administrative segregation."). Courts have recognized that incarcerated, *pro se* litigants would potentially be "better served with the assistance of counsel." *Eusse*, 2015 WL 4404865, at *2 (internal quotations omitted). However, whether a litigant would have fared better with counsel is not the test for appointment of counsel. *Thornton*, 2010 WL 3910446, at *5. The concerns Plaintiff raises in his motion "do not present 'exceptional circumstances,' but rather illuminate the difficulties any prisoner would have litigating *pro se*." *Eusse*, 2015 WL 4404865, at *2.

Additionally, the Court understands the factual basis for Plaintiff's claims and the relief sought. Plaintiff has demonstrated that he has a good grasp of litigation procedure, as evidenced by his filings with this Court, which survived screening. *See Miller*, 2012 WL 1666735, at *2 ("Plaintiff has thus far been able to articulate his claims against the relative complexity of the case, as the Court found that Plaintiff's complaint contained allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2)"). Plaintiff has ably represented himself thus far by filing the four instant motions, which included references to the Federal Rules of Civil Procedure, and lodging his confidential Early Neutral Evaluation Statement before the deadline. *See* ECF Nos. 10, 13, 14, 15, 16.

Such circumstances do not indicate to the Court that appointment of counsel is necessary at this time.

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

### 3. *Summary and Additional Considerations*

Although Plaintiff is indigent and made reasonable efforts to obtain counsel, since Plaintiff has failed to show that exceptional circumstances require appointment of counsel, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 14) **without prejudice**.[7]

Plaintiff seeks, in the alternative, that "the judge in this case provide or issue a court order against Mule Creek State Prison that the plaintiff has full access to law library as a PLU status inmate if I'm not appointed an attorney." ECF No. 14 at 1. The Court does not have jurisdiction to order the relief Plaintiff seeks, since Mule Creek State Prison is not a party to this case. *See* ECF No. 1 (naming Defendants La, Garcia, Nhan, Williams, and Anelle); *see also* ECF No. 13 (motion to amend complaint, seeking to add the Warden *of Richard J. Donovan Correctional Facility* as a defendant) (emphasis added). A court does

---

[7] Because Plaintiff's motion is denied without prejudice to refiling, Plaintiff is free to seek appointment of counsel again in the future.

not have jurisdiction to order injunctive relief that would require directing parties not before the Court to take action. *See, e.g.*, *Jacome v. Vlahakis*, No. 18cv10-GPC-MDD, 2019 U.S. Dist. LEXIS 161025, at *2–3 (S.D. Cal. Sept. 19, 2019) (denying inmate's request for access to the law library "[b]ecause Plaintiff has not made the law library a party to this action, nor otherwise established jurisdiction over it, Plaintiff's request is not actionable"); *Ransom v. Dep't of Corr. & Rehab.*, No. 11cv68-AWI-MJS-PC, 2015 WL 5146749, at *2 (E.D. Cal. Sept. 1, 2015) (denying inmate's request that the law library provide him with Priority Library User status because "Plaintiff is seeking relief against a non-party. The Court does not have jurisdiction over Corcoran State Prison, and thus cannot issue a temporary restraining order or preliminary injunction against it").

### III.  PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS

On November 4, 2022, Plaintiff filed his "Requests for Production of Documents." ECF No. 15. In his filing, Plaintiff requests that Defendants Garcia, La, Anelle, Nhan, and Williams produce documents relating to 21 requests. *Id.* Though the Court appreciates Plaintiff's promptness in beginning the discovery process, discovery is not to be filed with the Court. As such, Plaintiff's motion is **DENIED AS MOOT**.

Pursuant to Federal Rule of Civil Procedure 34(a), a party must serve on the other party its requests for production of documents, and therefore they do not need to be filed on the docket or otherwise provided to the Court. Here, there is no indication that Plaintiff served these discovery requests on opposing counsel, and the Court reminds Plaintiff to do so.

To the extent that Plaintiff is seeking to compel production of documents, Plaintiff's request is premature. Pursuant to its Chambers Rules, first, the Court requires parties to meet and confer in an attempt to resolve any discovery disputes before contacting the Court. Second, if meet-and-confer attempts are unsuccessful, the party who wishes to file a motion regarding the dispute must contact chambers to request a telephonic conference with the Court to discuss the discovery dispute. Third, the Court holds a telephonic

conference to provide its guidance on the issue, in an effort to the dispute without the need for motion practice. Chambers Rules are explicit that "[n]o discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court" and that the Court "may strike any discovery motion that is filed without complying with this process." AHG.Chmb.R. at 2.

## IV. PLAINTIFF'S MOTION FOR ORDER DIRECTING ARRANGEMENTS AT EARLY NEUTRAL EVALUATION CONFERENCE

On December 7, 2022, the Court will hold an Early Neutral Evaluation Conference ("ENE") in this case. ECF No. 10. The ENE will occur via videoconference. *Id.* at 1. The purpose of the ENE "is to permit an informal discussion between the attorneys, *pro se* parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential." *Id.* at 2. In his instant motion, Plaintiff (1) requests that the Court ensure Plaintiff is not transferred to another institution before the ENE takes place, to ensure that he is able to appear for the conference, and (2) seeks an order from the Court directing Mule Creek State Prison to remove his handcuffs and other restraints during the ENE, so he can organize and access his legal paperwork during the conference. ECF No. 16.

As to Plaintiff's first request, the Court is unable to guarantee that Plaintiff will not be transferred to another institution and therefore **DENIES** the request. However, the Court will ensure, regardless of Plaintiff's location, that Plaintiff will be able to participate in the ENE—either as scheduled or on an alternative date.

As to Plaintiff's second request, the Court is not inclined to issue an order requiring Mule Creek State Prison to remove Plaintiff's restraints during the ENE if the correctional officers find that Plaintiff poses a safety risk. *See, e.g.*, *Hall v. Curran*, 818 F.2d 1040, 1043 (2d Cir. 1987) ("The maintenance of safety and discipline in our penal institutions is best secured through the kind of professional administrative expertise that can be forged only in the crucible of day-to-day experience. Managing a prison is both a science and an

art. … For this reason, judges traditionally and wisely accord considerable discretion to corrections officials' judgments with respect to the continuing security and order of their institutions."); *see cf. Lane v. Tews*, No. 14-cv-1324-GW-PLA, 2016 U.S. Dist. LEXIS 185976, at *20 (C.D. Cal. Dec. 7, 2016) (quoting *Hall* and observing that "neither this nor any federal court has gone through that crucible. As such, the Court is not well-positioned to second-guess the judgment of those who have been through that crucible where, as here, they have determined that prison security is imperiled…"). As such, Plaintiff's request is **DENIED without prejudice**. During the ENE, Plaintiff may renew his request and the Court will hear argument from all sides. The Court notes, however, that Plaintiff need not bring any legal paperwork with him to the ENE, since the conference is a conversation as opposed to a formal hearing on the merits.

## V. CONCLUSION

For the reasons set forth above, the Court **ORDERS** the following:

1. Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 13) is **DENIED without prejudice**.

2. Plaintiff's Motion for Appointment of Counsel (ECF No. 14) is **DENIED without prejudice**.

3. Plaintiff's Motion for Production of Documents (ECF No. 15) is **DENIED AS MOOT**. The Court reminds Plaintiff to serve his requests for production on Defendants if he has not done so already.

4. Plaintiff's Motion for Order Directing Arrangements at Early Neutral Evaluation Conference (ECF No. 16) is **DENIED without prejudice**. During the ENE, Plaintiff may renew his request regarding removal of restraints and the Court will hear argument from all sides.

5. The Court **ORDERS** Defendants' counsel to ensure that a copy of this Order is provided to Plaintiff **before the ENE**—such as by emailing it to the litigation coordinator for printing—since Plaintiff is unlikely to receive the mailed copy in time.

6. On July 28, 2022, Judge Sammartino issued an Order granting Plaintiff's motion to proceed in forma pauperis. ECF No. 3. In that order, the Court

> ORDERS Duclos, after service has been effected by the U.S. Marshal, to serve upon Defendants La, Garcia, Nhan, Williams, and Anelle—or, if appearance has been entered by counsel, upon Defendants' counsel—a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). **Duclos must include with every original document he seeks to file with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel** and the date of that service. See S.D. Cal.CivLR 5.2.

ECF No. 3 at 10 (emphasis added). The Court notes that neither of the four instant motions included this required certificate, or any indication that they were served on defendants' counsel. *See* ECF Nos. 13, 14, 15, 16. The Court therefore reiterates that Plaintiff must include a proof of service with every original document he seeks to file with the Court.

**IT IS SO ORDERED.**

Dated: December 6, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge